IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 06-00068-KD |
| | ) |
| LANCE WILKERSON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the letter from Defendant Lance Wilkerson which the Court construes as a motion for early termination of supervised release (doc. 162) and the United States' response (doc. 164). Upon consideration, and for the reasons set forth herein, the motion is **denied.**

In 2006, Wilkerson and co-defendant Michael Joseph Stone, Jr. were indicted for the offenses of carjacking (Count One) and knowingly using and carrying a firearm during the offense of carjacking (Count Two) (doc. 1). Wilkerson pled guilty to both offenses. In January 2007, he was sentenced to a total term of 117 months in prison (composed of 33 months as to Count One and 84 months as to Count Two) with 5 years of supervision to follow (doc. 96).

Wilkerson's supervision commenced on May 4, 2015. In June 2019, his supervised release was revoked after he committed the offense of 2nd Degree Assault and failed to notify his Probation Officer of a change of address. He was sentenced to a term of 24 months in prison with 30 months of supervision to follow (doc. 161). He was released on February 19, 2021. At present, Wilkerson has served approximately 17 months of his remaining term of supervision.

Wilkerson now moves the Court for early termination of supervision. As grounds, Wilkerson states that since his release he has obtained permanent employment with a concrete company and acquired an adequate residence in Denver, Colorado, where he plans to remain. He

asks for consideration because he is now capable to function as a citizen and has proven record of compliance with his Probation Officer (doc. 162).

The United States opposes early termination based on Wilkerson's history of violent crimes (doc. 164). Wilkerson's Probation Officer confirmed his compliance during his second term of supervision. However, due to the violent nature of the offense that resulted in the revocation of his initial term of supervision, the violent nature of his offense of conviction, his criminal history, and his assessed risk for violence, the Probation Officer deferred to the Court's discretion.

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

The Court has considered the "nature and circumstances of the offense" and Wilkerson's "history and characteristics" as well as the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, … to provide just punishment; …to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C). The Court commends Wilkerson for the improvements in his life and compliance with conditions of supervision during his second term of supervised release. However, the relevant factors identified herein, primarily to protect the public and deter criminal conduct, and Wilkerson's revocation due to non-compliance with conditions of supervision, weigh against granting his motion. Accordingly, the Court is not satisfied that early termination is warranted at this time. 18 U.S.C. § 3583(e)(1).

**DONE** and **ORDERED** this the 29th day of July 2022.

    /s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**